**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-7562**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

   v.

THOMAS BRANTLEY JENKINS, II,

          Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:15-cr-00053-CCE-3)

Submitted:  April 12, 2021               Decided:  April 23, 2021

Before NIEMEYER, AGEE, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

John D. Bryson, WYATT EARLY HARRIS WHEELER, LLP, High Point, North Carolina, for Appellant.  Matthew G.T. Martin, United States Attorney, Julie C. Domachowski, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thomas Brantley Jenkins, II, appeals the district court's order denying his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. We review the district court's order for abuse of discretion. *United States v. Kibble*, __ F.3d __, __, No. 20-7009, 2021 WL 1216543, at *2 (4th Cir. Apr. 1, 2021) "A district court abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law." *United States v. Dillard*, 891 F.3d 151, 158 (4th Cir. 2018) (internal quotation marks omitted).

The district court did not make an erroneous factual finding in stating that Jenkins had served less than half of his sentence, because this statement simply reflected the term imposed at sentencing without considering the good-time credits Jenkins had earned and was projected to earn. Moreover, while the district court did not expressly address Jenkins' argument that he did not present a danger to the community if released, it offered a detailed explanation for why the 18 U.S.C. § 3553(a) factors did not support granting Jenkins' motion and, thus, demonstrated that it "considered the parties' arguments and ha[d] a reasoned basis for exercising [its] own legal decisionmaking authority." *Chavez-Meza v. United States*, 138 S. Ct. 1959, 1964 (2018) (internal quotation marks omitted); *see also Kibble*, 2021 WL 1216543, at *4 ("[A] district court may not grant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) without considering the factors set forth in section 3553(a) to the extent that they are applicable." (internal quotation marks omitted)).

2

Therefore, we affirm the district court's order.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*